# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re* Eugene George Warner | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 18-cv-2869 (ABJ) |

## MEMORANDUM OPINION

On December 7, 2018 plaintiff, Eugene George Warner, "Agent" for the Eugene George Warner Trust, Estate filed a complaint in this court. Compl. [Dkt. # 1]. There is no named defendant. It is unclear to the Court what claims plaintiff is asserting. Plaintiff describes a state court case in Alaska – "No. 3AN-17-06205CI" before Judge Douglas Kossler – where he was stripped of his "asset (a dwelling) in denying both of [his] filed petitions for Preliminary Injunction and Non-Statutory Abatement." Compl. at 1. Plaintiff seeks "equitable relief" and a "private meeting with the clerk of said court and a chancellor sitting in . . . American Equity jurisdiction . . . presiding over my estate." Compl. at 2. With this complaint, plaintiff submits a declaration and his will and testament in which he declares that he is not "a United States citizen or resident, and never [has] been," he is "first and foremost a citizen of the Kingdom of God", and that he "terminate[s] any contractual or presumed benefits, privileges, or opportunities of resident/agent status with any and all de facto governments." Declaration of Status [Dkt. # 1-1] ("Warner Decl.") ¶¶ 7–8, 37. He then invites "any and all who may have evidence of rebuttal[] to bring forth proof of claim" and his fee for proceeding with any matter is $10,000 per day. *Id.* at 4. Because this Court does not have subject matter jurisdiction for the case, it will dismiss it *sua sponte*.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* In addition, "[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* when it is evident that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. §§ 1331 and 1332. "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 513. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citations omitted).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*,

2

39 F.3d at 330 (internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous.") (internal citations and quotation marks omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in this case neither present a "federal question suitable for decision," *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), nor complete diversity of citizenship. Plaintiff does not assert any claims arising under the laws of the United States or the Constitution. And plaintiff has not alleged any claims against a diverse defendant exceeding $75,000. Indeed, plaintiff has not alleged claims against any defendant, let alone a diverse defendant.

To the extent plaintiff is asking this Court to return his property, this Court does not have equitable jurisdiction over property disputes arising in another state. *See Matthew v. Rodgers*, 284 U.S. 521, 525–26 (1932) (affirming section 16 of the Judiciary Act of 1789 which states that suits in equity shall not be sustained in the courts of the United States "in any case where a plain, adequate, and complete remedy may be had at law"). To the extent plaintiff is asking the Court to review the Alaska state court determination confiscating his property, this Court also may not review a state court decision if that decision presents no federal questions, which this case does not. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005) ("[T]his Court [has] confined federal question jurisdiction over state-law claims to those that really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.") (internal quotation marks omitted).

3

Accordingly, the Court will dismiss this case *sua sponte*, without prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: December 14, 2018